IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| *EVANSTON INSURANCE COMPANY,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 4:04-cv-626 |
| *THE ARCHDIOCESE OF ST. LOUIS,* | ) | |
| *MISSOURI, by and through RAYMOND L.* | ) | |
| *BURKE, Archbishop of St. Louis,* | ) | |
| | ) | |
| HOLD SERVICE | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR DECLARATORY
## JUDGMENT PURSUANT TO 28 U.S.C. § 2201

NOW COMES the Plaintiff, Evanston Insurance Company (Evanston), by and through its attorneys, Anthony L. Martin and Stephen D. Palley of Sandberg, Phoenix & von Gontard P.C., and for its Amended Complaint for Declaratory Judgment, states and alleges as follows:

1.      This Complaint concerns an insurance coverage dispute.    Plaintiff Evanston seeks a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201 decreeing that the Archdiocese of St. Louis ("the Archdiocese") is not entitled to insurance coverage for claims related to its priest's sexual abuse of a minor child for which it has demanded coverage and indemnity.

### PARTIES

2.      Plaintiff Evanston Insurance Company is and has been at all relevant times a citizen and resident of Illinois that is authorized to do business in the state of Missouri.

3.     Defendant The Archdiocese of St. Louis ("the Archdiocese") is an un-incorporated association.   Raymond Burke is the Archbishop of St. Louis ("the Archbishop") and is named as the Archdiocese's representative party pursuant to Federal Rules of Civil Procedure 4(h) and 17(b).

4.     On information and belief, the Archbishop is a citizen and resident of Missouri and on behalf of the Archdiocese can be served with the Complaint and Summons by serving a copy of the same, in compliance with law, at 4431 Lindell Boulevard St. Louis, MO 63108-2496.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interest.

6.     Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C.§ 1391 because the citizenship of the defendants is in the Eastern District of Missouri.   In addition, a substantial part of the events giving rise to the claims asserted herein occurred in the Eastern District of Missouri.

## COMMON FACTUAL ALLEGATIONS

### *The Policy*

7.     Evanston issued a "claims-made" insurance policy to the Archdiocese of St. Louis, Missouri under policy number SK-801221 ("the Policy") with effective dates of July 1, 2001 through July 1, 2002 (extended to August 1, 2002).   A true and accurate

copy of the policy, including endorsements thereto, is attached to this Complaint as Exhibit 1.

       8.    The Policy provided coverage to the Archdiocese for "claims" made against it during the policy period, subject to the terms, conditions and exclusions of the policy, as follows, to:

> "...CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD for wrongful acts to which [the] insurance applies.
>
> PROVIDED ALWAYS THAT such wrongful acts happen:
>
> (a)    during the policy period, or
>
> (b)    subsequent to the Retroactive Date specified in the Declarations, provided that prior to the effective date of this policy the Insured had no knowledge of circumstances, involving such wrongful acts, which may result in a claim under the policy.
>
> **(c)    It is a condition precedent to coverage under this policy that all claims be reported in compliance with section CLAIMS 1, Notice of Claim or Suit."** **(COVERAGE 1)** (emphasis added).

       9.    THE COVERAGE portion of the Policy includes a Discovery Clause which, in relevant part, provides as follows:

> "Discovery Clause:    If during the policy period..., the Insured first becomes aware of any wrongful acts which may result in claims for which coverage is provided under THE COVERAGE 1, and if the Insured shall during the policy period...give written notice to the Company of:
>
> (a)    the specific wrongful acts; and
>
> (b)    the injury or damage which has or may result from such wrongful acts; and
>
> (c)    the circumstances by which the Insured first became aware of such wrongful acts;

then any claim subsequently made against the Insured arising out of such wrongful acts shall be deemed for the purposes of this insurance to have been made on the date on which such written notice was given to the Company.

The Insured shall cooperate fully with the Company as provided in CLAIMS 1 and 2, and any investigation conducted by the Company or its representatives shall be subject to the terms set forth in this policy."

10.     The policy defines "insured", in relevant part, as follows:

"the Named Insured designated in the Declarations, including any partner, executive officer, director or shareholder of such designated firm solely while acting within the scope of their duties as such,…."

11.     As a condition precedent to coverage, the Policy requires

the insured to provide notice of all claims within thirty (30) days, in

compliance with the following provision:

1.     **NOTICE OF CLAIMS:**   As   a   condition precedent to the right of protection afforded by this insurance the Insured shall give written notice of such actual, attempted or alleged wrongful acts, within 30 days directed to Shand Morahan & Company, Inc., Ten Parkway North, Deerfield, Illinois 60015."   (CLAIMS 1.)

The Policy Declarations restate that all claims are to be reported directly to Shand

Morahan.

12.     The policy also states that it shall not apply  "to any claim arising out of

any wrongful acts, involving the same individual or individuals, which initially occurred

after knowledge of any actual or alleged wrongful act by said individual(s) is received by

the named insured."   The policy defines "wrongful act" as "any act of unlawful sexual

intimacy, sexual molestation or sexual assault [.]"

### *The Claim*

13.    The claim involved in this case relates to the sexual abuse of a minor child by a priest who is no longer a priest in the Archdiocese.  The Archdiocese is in a superior position to know the relevant facts and circumstances than Evanston.  Accordingly, the allegations made by plaintiff are based upon the best information which plaintiff has been able to obtain in the course of its investigation into this matter.

14.    On information and belief, the Archdiocese first learned of the abuse in March 2002.  The Archdiocese has told plaintiff that no claim was made at any time before the claims made policy expired on August 1, 2002.

15.    The Archdiocese did not provide notice of a claim or notice of a wrongful act within 30 days of its receipt of the initial report of sexual abuse or at any time before the policy expiration.

16.    A Notice of Non-Renewal was sent to the Archdiocese on May 21, 2002. Thereafter the coverage for the Archdiocese was extended by an additional thirty (30) days from July 1, 2002 to August 1, 2002.  On information and belief, the Archdiocese requested this additional thirty (30) days of coverage.   Nevertheless, neither the Archdiocese nor any of its agents or employees disclosed to plaintiff the facts of the wrongful acts which had been reported to it before making the request for the extension of coverage.

17.    No notice of a claim was provided to Evanston within the policy period. In fact, Evanston did not receive notice of this claim until more than eight months after the end of the policy term.   At that time Gallagher Bassett Services, Inc., the Archdiocese's Claim Service Organization forwarded an "initial notification" of the

claim to Shand Morahan & Company, Inc. ("Shand").  A copy of the initial notification will be filed under seal with the Court as Exhibit 2.   No notice required by the policy was provided to plaintiff before then.

18.     Evanston requested additional information after receipt of this notification. Evanston then wrote and declined coverage for the claim.

19.     There was no additional communication from the Archdiocese, his agents, or employees for several months after the declination of coverage.   Thereafter the Archdiocese settled the claim in question.  A copy of the Order/Judgment Approving Settlement will be filed under seal with the Court as Exhibit 3.

20.     The Archdiocese, through its attorney, demanded payment to it by Evanston of the Archdiocese for the settlement amount, less a portion of the Archdiocese's self-insured retention.  A copy of the demand letter will be filed under seal with the Court as Exhibit 4.


## COUNT I:     DECLARATORY JUDGMENT

21.     Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as if set forth here in their entirety.

22.     28 U.S.C. § 2201 authorizes this court "[i]n a case of actual controversy within its jurisdiction . . . to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

23.     The Policy was in full force and effect from July 1, 2001 through August 1, 2002.  The Policy and Endorsements thereto represented the insurance policy contract between plaintiff and defendant Archdiocese of St. Louis, Missouri.

24.     This Complaint presents an actual and justiciable controversy in that Plaintiff denies that the Policy affords coverage to the Archdiocese for this matter, which the Archdiocese disputes.

25.     The Policy does not provide coverage to the Archdiocese for this claim.

26.     Plaintiff is entitled to a Declaratory Judgment adjudging its rights under the Policy pursuant to 28 U.S.C. § 2201 et seq., Rule 57 of the Federal Rules of Civil Procedure, and the Common Law of the State of Missouri, declaring that Defendant Archdiocese of St. Louis is not entitled to coverage under the Policy.

27.     Evanston has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests for the following declaration, decree, and final judgment from this Court:

a.      That the Archdiocese is not entitled to coverage because no claim was presented to the Archdiocese within the Policy Period and that the Policy therefore affords no coverage to the Archdiocese for this claim, and that Evanston has no duty to indemnify the Archdiocese and/or the Archbishop.

b.      That the Archdiocese failed to provide notice to Evanston Insurance of the claim as required by the terms and conditions of the Policy within thirty (30) days of notification to the Archdiocese of the "wrongful acts" and/or assertion of the claim; and that Evanston has no duty to indemnify the Archdiocese and/or the Archbishop.

c.      That the Archdiocese failed to provide Evanston during the policy period with the wrongful acts information required by COVERAGE 3 to provide

coverage under the Discovery Clause; and that Evanston has no duty to indemnify the Archdiocese and/or the Archbishop.

      d.      That coverage is excluded because of the Archdiocese's knowledge of the alleged wrongful acts prior to the Claim arising and that Evanston has no duty to indemnify the Archdiocese and/or the Archbishop.

      e.      That Evanston shall be entitled to its costs expended herein and for such other relief proper under the circumstances.

SANDBERG, PHOENIX & von GONTARD, P.C.

By: _____ #86030

     Anthony L. Martin, #3750
     Stephen D. Palley, #86030
     One City Centre, 15th Floor
     St. Louis, MO 63101-1880
     314-231-3332
     314-241-7604 (Fax)

     Attorneys for Plaintiff
     Evanston Insurance Company